IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ABDUS SALAAM LUQMAN,

Plaintiff,

v.

NATIONAL CITY BANK,

Defendant.                                    No. 08-499-DRH

**ORDER**

**HERNDON, Chief Judge:**

This matter was initially brought before the Court on Plaintiff Abdus Salaam Luqman's motion to strike (Doc. 12). Specifically, Plaintiff moved to strike pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 12(f)** the six affirmative defenses set forth by Defendant National City Bank. In reviewing the Complaint as part of its analysis on the Motion to Strike, the Court notes Plaintiff has brought its suit in federal court on the basis of diversity jurisdiction, pursuant to **28 U.S.C. § 1332**. Upon further review, the Court observes a jurisdictional problem.

While none of the parties challenge the basis for federal jurisdiction, it is this Court's independent obligation to assure itself of jurisdiction over the parties' controversy. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only

function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514, 19 L. Ed. 264 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Carteright*, 996 F.2d 928, 930-31 (7th Cir. 1993); *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. Thus, the Court must now raise the issue *sua sponte*.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000 exclusive of interest and costs. The amount in controversy is determine by evaluating the complaint and "the record as a whole." ***Uhl v. Thoroughbred Tech & Telecommunications, Inc.*, 309 F.3d 978, 983 (7th Cir. 2002)**.

Here, Plaintiff has not shown that the amount in controversy meets the jurisdictional threshold. In the Complaint, Plaintiff states that he is seeking actual damages, punitive damages resulting from "defendant bank's bad faith action in denying plaintiff's claim", interest, and costs. The Complaint does not state a specific dollar amount in damages that Plaintiff is seeking. However, Plaintiff does allege that Defendant refused to refund the remaining $10,000 that he alleges was improperly withdrawn from his account. (Doc. 2 ¶24). Further, exhibits submitted

by Plaintiff show that he disputes withdrawals totaling $13,480 and Defendant admits that they have credited his account with $3,400, leaving $10,080 in disputed funds that Plaintiff alleges were improperly withdrawn. (Doc. 2 ¶ 22-23, Ex. E, Doc. 8 ¶22-23). From a review of the Complaint and the record, Plaintiff is seeking, at most, $10,080 in actual damages, far below the $75,000 requirement.

Plaintiff's Complaint, however, also alleges that he is entitled to punitive damages for Defendant's "bad actions" in refusing to refund Plaintiff's account. Punitive damages "may sometimes be taken into account in deciding whether the proper amount is in controversy." **Clark v. State Farm Mut. Auto. Ins. Co., 473 F.3d 708, 711-12 (7th Cir. 2007) (quoting *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000))**. When punitive damages are required to satisfy the jurisdictional amount, the district court must first ask whether "punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.'" **Anthony v. Security Pacific Financial Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996) (quoting *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1212 (7th Cir. 1995))**. When allowed to be counted toward the amount in controversy, the ratio between compensatory and punitive damages must be within a permissible range. **Gavin v. AT&T Corp., 464 F.3d 634, 641 (7th Cir. 2006)**.

Here, Plaintiff's complaint alleges that Defendant breached its contract

with Plaintiff by refusing to replace the funds that were allegedly improperly withdrawn. However, in Illinois, punitive damages are generally not recoverable in contract cases absent the unusual case where the breach of contract also constitutes a tort which allows for the recovery of punitive damages. ***Mijatovich v. Columbia Savings & Loan Assoc.*, 168 Ill.App.3d 313, 315, 522 N.E.2d 728, 730 (1st Dist. 1988).** *See also **Cirrincione v. Johnson**, 184 Ill.2d 109, 114, 703 N.E.2d 67, 70 (Ill. 1998).* Although Plaintiff has characterized the breach as willful and wanton and alleged that the bank's action was in "bad faith", such language does not give rise to a punitive damages claims. ***Mijatovich*, 168 Ill.App.3d at 316, 522 N.E.2 at 731 (The Court found that punitive damages were not recoverable for allegations of breach of contract by a saving and loan association who allegedly withdrew funds from the account holder's account and refused to repay them as no fiduciary relationship existed).** Therefore, Plaintiff is not entitled to punitive damages. Even if Plaintiff is entitled to punitive damages, his actual damages would have to be multiplied exponentially in order to reach the diversity jurisdiction minimum. Plaintiff would have to have at least $64,000 in punitive damages in order to meet the $75,000 requirement, which is highly unlikely given his actual damages are only $10,000.

Therefore, the Court finds that the amount in controversy in this case does not meet the jurisdictional threshold and this Court, therefore, lacks subject matter jurisdiction. Accordingly, Plaintiff's Complaint must therefore be

**DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Further, the Court hereby **FINDS AS MOOT** all other pending motions in this case.

**IT IS SO ORDERED.**

Signed this 1st day of September, 2009.

/s/     David R Herndon

**Chief Judge
United States District Court**