IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ABDUS SALAAM LUQMAN,**

**Plaintiff,**

**v.**

**NATIONAL CITY BANK,**

**Defendant.**                                              **No. 08-499-DRH**

**ORDER**

**HERNDON, Chief Judge:**

Before the Court is Plaintiff's motion requesting the Court to reimburse to plaintiff his filing fee (Doc. 18). Plaintiff asks that the Court reimburse his filing fee as he in now indigent and his litigation was "short lived". Plaintiff has provided no case law supporting his position. In fact, there is no provision allowing a district court to refund a Plaintiff's filing fee where the case is closed on a ruling by the judge. Even if Luqman had been indigent and allowed to proceed *in forma pauperis* at the start of this litigation (which he was not), he would still be required to pay the filing fee. **Longbehn v. United States**, 169 F.3d 1082, 1083 (7th Cir. 1999) ("[E]very litigant has a legal responsibility to pay the filing and docketing fees to the extent feasible. All that permission to proceed *in forma pauperis* has ever meant is that the fees need not be *pre*-paid.). Even if the Court had authority to

refund the filing fee it would not be inclined to do so.  Despite what Plaintiff may believe, he has utilized a great deal of the Court's services.  Furthermore, even a *pro se* litigant is required to know and follow the rules of the Court when filing cases in the federal court.  Plaintiff had far superior knowledge of the details of his case and was more than aware that the amount in controversy did not come close to reaching the level of more than $75,000.00 and the case did not belong in federal court.  The Court **DENIES** Plaintiff's motion requesting the Court to reimburse to Plaintiff his filing fee (Doc. 18).

**IT IS SO ORDERED.**

Signed this 15th day of September, 2009.

/s/    DavidRHerndon
**Chief Judge**
**United States District Court**